UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-CR-98-KAC-DCP-1 |
| | ) |
| NATHAN M. CROWE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND DENYING MOTION FOR RETURN OF PROPERTY**

Defendant Nathan M. Crowe, with the assistance of counsel from the Federal Defender Services of Eastern Tennessee ("FDSET"), filed a "Motion for Compassion[ate] Release" [Doc. 59 at 1] and supplemental "Motion for Sentence Reduction" [Doc. 64, *sealed] under 18 U.S.C. § 3582(c)(1)(A) based on his "medical problems" and the COVID-19 pandemic. The United States opposed Defendant's motion for a reduced sentence [Doc. 67]. Defendant also filed a pro se "Motion for the Return of Property" [Doc. 59 at 2]. And he asked the Court to appoint an attorney to assist him with both of his motions [*See id.* at 1-2]. For the reasons that follow, the Court denies each of Defendant's motions.

**I.   Background**

On October 20, 2020, a federal Grand Jury charged Defendant with conspiring to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One), along with two (2) other counts [*See* Doc. 3]. The Indictment did not contain any forfeiture allegations [*See id.*]. Defendant pled guilty to Count One, admitting that he and his co-defendant wife obtained packages of heroin and methamphetamine "via the internet"

"in the summer of 2019" and sent the packages containing drugs to others "via the United States Postal Service" [Docs. 24; 30; 48 ¶ 13, *sealed].  On October 24, 2019, postal inspectors intercepted a package addressed to Defendant's home [Doc. 48 ¶ 14, *sealed].  The package contained approximately fifty-seven (57) grams of methamphetamine and twenty-five (25) grams of heroin [*Id.*, *sealed].  Later that day, law enforcement discovered nearly twenty (20) additional grams of methamphetamine, a quantity of heroin, and drug paraphernalia at Defendant's home [*Id.*, *sealed].  One year later, on October 23, 2020, officers with the Johnson City, Tennessee police department arrested Defendant and his wife during a traffic stop [*Id.*, *sealed].  During that traffic stop, law enforcement seized approximately ninety-seven (97) grams of ice methamphetamine from Defendant [*Id.*, *sealed].  The United States Marshals Service arrested Defendant on October 24, 2020, one day after Defendant's arrest by the Johnson City, Tennessee police department [*See* Docs. 12 at 1; 48 at 1, ¶ 14, *sealed].  Defendant agreed that he was personally responsible for conspiring to distribute at least 150 grams but less than 500 grams of actual methamphetamine over the course of the conspiracy [Doc. 48 ¶ 15, *sealed].  He committed the instant offense while on probation for a prior state conviction for selling cocaine [*Id.* ¶¶ 47, 51, *sealed].  And before the instant offense, Defendant had already incurred eight (8) other drug-related convictions [*Id.* ¶¶ 43, 46-47, 49, *sealed].

On December 9, 2021, this Court sentenced Defendant to eighty-seven (87) months' imprisonment and a five-year (5-year) term of supervised release [*See* Docs. 55; 57 at 2-3].  The Bureau of Prisons (BOP) anticipates that Defendant will complete his term of imprisonment on February 13, 2026.  *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (last visited Aug. 7, 2023).  On March 15, 2022, Defendant attempted to contact the Warden of his BOP facility to request a sentence reduction, but he "was

2

told []his facility does not have a warden" [*See* Doc. 59 at 1]. On March 27, 2023, Defendant again requested "compassionate release" from the Warden of his facility [Doc. 64-1 at 1, *sealed].

On April 18, 2022, Defendant moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) because of (1) various "medical problems," including, among others, prior diagnoses of "penile cancer," "coronary heart disease," "cirrhosis of the liver," hepatitis C, "chronic back pain," "COPD," and ongoing symptoms related to prior COVID-19 diagnoses; and (2) "an increased risk of contracting the COVID virus" while incarcerated [*See* Docs. 59 at 1; 64 at 2, 13, *sealed]. Defendant separately asked the Court to "address" certain property that he says law enforcement took from him at his October 23, 2020 arrest but has not been returned to him [*See* Doc. 59 at 2]. And Defendant asked the Court to "appoint[]" him a new attorney to assist with both of his motions [*See id.* at 1-2].

The United States opposed any sentence reduction because Defendant did not show "that his release would be consistent with 18 U.S.C. §§ 3553(a) and 3582(c)(1)(A)" [Doc. 67 at 7]. The United States noted that (1) Defendant has been vaccinated against and received a booster shot for COVID-19, (2) "most, if not all, of his conditions predated his sentencing," and (3) the BOP has designated Defendant as in "stable, chronic care" [*See* Docs. 64-2 at 19, *sealed; 64-5 at 1, *sealed; 67 at 4]. The United States asserted that Defendant's conduct was "serious," and a sentence reduction would be "inconsistent with the totality of the § 3553(a) factors," specifically the "nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense" and to "provide just punishment" [Doc. 67 at 6-7].

II.     Analysis

The Court addresses each of Defendant's motions in turn.

### A. The Court Has Already Appointed Counsel To Represent Defendant In His Request Under Section 3582(c)(1)(A), And The Factors At 18 U.S.C. § 3553(a) Do Not Support A Sentence Reduction.

First, under Standing Order 21-09, the Court appointed FDSET to represent Defendant for his pro se "Motion for Compassion[ate] Release" [Doc. 59 at 1]. *See* Standing Order 21-09 ("[FDSET] is appointed to represent each defendant who files a pro se motion under section 3582(c)(1)(A), who requests counsel for filing such a motion, or who contacts FDSET about filing such a motion."). On August 5, 2022, FDSET made an appearance in this case on behalf of Defendant [Doc. 60]. And on May 17, 2023, an attorney at FDSET filed a supplemental "Motion for Sentence Reduction" [Doc. 64, *sealed] on behalf of Defendant. Because Defendant already has counsel to represent him in his request for relief under Section 3582(c)(1)(A), the Court denies that portion of Defendant's pro se motion as moot [*See* Doc. 59 at 1].

As to the merits of Defendant's Section 3582(c)(1)(A) Motion, generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). Section 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). If a defendant meets the threshold requirement, a district court may reduce a sentence where the Court finds: (1) "extraordinary and compelling reasons warrant a sentence reduction;" (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518

4

(6th Cir. 2021) (internal quotations omitted). The Court "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others." *Id.* at 519.

Because consideration of the Section 3553(a) factors is dispositive, the Court begins and ends its analysis of this motion there.[1] Defendant is serving a significant sentence for conspiring to distribute fifty (50) grams or more of methamphetamine over five (5) months. This is a significant offense that endangered Defendant, his family, and the community. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Before the instant drug-trafficking offense, Defendant had already incurred eight (8) other drug-trafficking-related convictions. And even after law enforcement recovered a significant amount of methamphetamine from Defendant's home in October 2019, Defendant had distribution amounts of methamphetamine on his person during his arrest in October 2020. A reduced sentence would not specifically deter Defendant from engaging in further drug trafficking or promote Defendant's respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A), (B). The nature and circumstances of the instant offense, coupled with the history and characteristics of Defendant counsel against a sentence reduction, even when balanced against Defendant's existing serious medical conditions, most of which predated the instant offense and were before this Court at sentencing. *See* 18 U.S.C. § 3553(a)(1); *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021) ("Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'"). What is more, evidence shows that the fact that Defendant has been fully vaccinated against and recovered from COVID-19 helps to mitigate his risk of serious disease or death from the virus [*See*

---

[1] Defendant appears to have satisfied the threshold exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) [*See* Doc. 64-1 at 1, *sealed].

Doc. 64-2 at 119, *sealed]. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). On balance, the relevant Section 3553(a) factors weigh against a sentence reduction. Because the Section 3553(a) factors do not support a modification, the Court need not specifically address the other prerequisites listed in Section 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. The Court therefore denies Defendant's pro se "Motion for Compassion[ate] Release" [Doc. 59 at 1], as supplemented by Defendant's "Motion for Sentence Reduction" [Doc. 64, *sealed]. *See* 18 U.S.C. § 3582(c)(1)(A).

> **B.    The Interests Of Justice Do Not Require The Appointment Of Counsel To Represent Defendant In His Property Dispute, And Defendant Has Not Met His Burden To Show That The Federal Government Possesses The Property He Seeks To Recover.**

Second, Defendant requests that the Court appoint an attorney to assist with his request for return of property, but "the interests of justice" do not require such an appointment. There is a "presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 26-27 (1981). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). However, the Court may appoint counsel for an indigent defendant if "the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2). "When determining whether to appoint counsel as a matter of discretion, relevant factors generally include the type of case, the litigant's ability to represent himself, the complexity of the relevant legal and factual issues, and the potential merit of the litigant's claims." *United States v. Pirosoko*, No. 21-3383, 2021 WL 8155161, at *2 (6th Cir. Sept. 14, 2021) (citing *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). Defendant has adequately presented his post-conviction motion to

the Court such that "the interests of justice" do not require the appointment of counsel. *See id.* Accordingly, Court denies Defendant's request for counsel to represent him in his second motion.

As to the merits, Defendant has not shown that the United States possesses any of the property that he has not received. "The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (quoting *United States v. Hess*, 982 F.2d 181, 186 (6th Cir. 1992)). "However, prior to obtaining relief, the person seeking the return of property must carry 'his burden of showing real or constructive possession of the property by the federal government.'" *United States v. Locke*, No. 17-6134, 2018 WL 11337480, at *1 (6th Cir. May 22, 2018) (quoting *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004)). Defendant has not met that burden here. Defendant provides no facts for the Court to conclude that the United States possesses any of the items he requests. Nor does the record contain any facts to support that burden. The Indictment in this case did not contain forfeiture allegations [*See generally* Doc. 3]. And the crux of Defendant's Motion relates to events that occurred when state law enforcement officers arrested him. Defendant asserts that the United States Marshals Service took certain property at his initial arrest "on the side of the road" "on 10-23-2020" [*See* Doc. 59 at 2]. The record shows that Defendant was initially arrested by Johnson City police department officers on October 23, 2020 [*See* Doc. 48 ¶ 14, *sealed]. There is no indication in the record that the United States Marshals Service was present at that arrest. Instead, the United States Marshals arrested Defendant on October 24, 2020, a day after Defendant's arrest by state law enforcement [*See* Docs. 12 at 1; 48 at 1, ¶ 14, *sealed]. With no facts to suggest that the federal government possesses Defendant's property, the Court cannot grant Defendant relief. *See Obi*, 100 F. App'x at 499 (affirming denial of motion for return of property where state officers seized the property

7

and the record did not show "that the property in question was ever in possession of the federal government"). Accordingly, the Court denies Defendant's pro se "Motion for the Return of Property" [Doc. 59 at 2].

### III. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's pro se (1) "Motion for Compassion[ate] Release" [Doc. 59 at 1], as supplemented by his "Motion for Sentence Reduction" [Doc. 64, *sealed]. The Court also **DENIES** Defendant's pro se (2) "Motion for the Return of Property" [Doc. 59 at 2].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge